MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney
    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Facsimile:  (510) 637-3724
    E-mail:     Garth.Hire@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 15-00290 PJH |
| Plaintiff, | **[~~PROPOSED~~] ORDER OF DETENTION** |
| v. | |
| TRAVON JAHMAL FRANZWA BAKER, a/k/a, "Trigga Tray," | |
| Defendant. | |

    The parties appeared before the Honorable Kandis A. Westmore on May 26, 2015 for a detention hearing. Defendant Travon Jahmal Franzwa Baker (defendant) was present and represented by Albert Boro. The United States was represented by Assistant United States Attorney Garth Hire. The United States requested that defendant be detained pending trial because defendant cannot rebut the presumption that he is a danger and a flight risk and because no condition or combination of conditions of release would reasonably assure defendant's appearance and the safety of the community. Pretrial Services recommended that defendant be released upon conditions and the defendant sought release. Upon consideration of the parties' proffers, the court file, and the Pretrial Services Report, the Court finds that the defendant has failed to rebut the presumption that he is a danger and a flight risk and that

the government has shown by clear and convincing evidence that the defendant presents a danger to the community and by a preponderance of the evidence that he is a flight risk.  *See* 18 U.S.C. §§ 3142(e) and (f).  The Court therefore orders the defendant detained.

The Bail Reform Act of 1984, Title 18, United States Code, Sections 3141-50, sets forth the factors which the Court considers in determining whether detention is warranted.  In coming to its decision, the Court has considered:  (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g).

In considering all of these facts and proffers presented at the hearing, as well as the legal presumption that defendant is a danger and a flight risk given the nature of the charges, the Court finds that defendant has failed to rebut the presumption that he should be detained pending trial because:  (1) defendant has a criminal history involving narcotics trafficking; (2) defendant has previously violated the conditions of probation; (3) defendant was on probation at the time of the alleged offense; (4) defendant previously gave a false name to police in the course of an arrest; (5) defendant is charged with violations involving the smuggling of narcotics through the Oakland airport and the sale of marijuana in Arkansas; (6) defendant tried to flee from agents on the date of his arrest in this case; (7) defendant was in possession of $4,818 in cash at the time of his arrest; (8) multiple firearms were recovered from a residence that he frequents; (9) defendant made multiple Instagram posts in which he displayed firearms, narcotics, and narcotics trafficking proceeds in the form of cash, jewelry, and luxury vehicles; (10) defendant made multiple Instagram posts advocating that witnesses who cooperate with the police should be shot; and (11) defendant failed to identify any sureties or real property sufficient to rebut the presumption that he is a danger and a flight risk.

IT IS HEREBY ORDERED THAT, accordingly, pursuant to Title 18, United States Code, Section 3142:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

1    (2) the defendant be afforded reasonable opportunity for private consultation with his counsel;

2    (3) on Order of a court of the United States or on request of any attorney for the government, the
3  person in charge of the corrections facility in which the defendant is confined shall deliver the defendant
4  to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a
5  court proceeding.

6    IT IS SO ORDERED.

8  DATED: June  15 , 2015

    _____
    HONORABLE KANDIS A. WESTMORE
    United States Magistrate Judge

[PROPOSED] DETENTION ORDER
CR 15-00290 PJH                                                3